IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. MARICO FINNIE

**Appeal from the Criminal Court for Shelby County**
**No. 00-10541-47, 00-10550-56     John P. Colton, Jr., Judge**

_____

**No. W2004-02166-CCA-R3-CD  - Filed July 8, 2005**

_____

A Shelby County Criminal Court Jury convicted the defendant, Marico Finnie, of four counts of aggravated rape, a Class A felony, seven counts of aggravated robbery, a Class B felony, and three counts of facilitation of aggravated rape, a Class B felony, and the trial court sentenced him to eight years for each robbery conviction, twenty years for each rape conviction, and eight years for each facilitation of aggravated rape conviction. The trial court ordered four of the robbery convictions to be served concurrently with each other but consecutively to the remaining robbery convictions and to the convictions for rape and facilitation of rape. It then ordered the remaining sentences for robbery, rape, and facilitation of rape to be served consecutively for an effective sentence of 128 years in the Department of Correction. The defendant appeals, claiming the trial court's order imposing consecutive sentencing violates his right to trial by jury. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Charles E. Waldman, Memphis, Tennessee, for the appellant, Marico Finnie.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Jr., and W. Stephen Crossnoe, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's spree of raping and robbing lingerie models with his accomplice, Anthony Allen. The record reflects that on December 14, 1999, the defendant and Allen went to Brandi's Fashions where they initially posed as customers and then robbed the lingerie models and other employees of their possessions and money at gunpoint. They took the victims' driver's licenses and told them that they would track them down and kill them if anybody reported the crime to police. The defendant and Allen then raped two of the lingerie models. Before leaving,

the defendant and Allen preached to the victims about leading immoral lives and attending church and forced the victims to sing Christmas carols.

On December 20, 1999, the defendant and Allen went to Southern Belles, another lingerie business. As soon as an employee of Southern Belles opened the door, Mr. Allen placed a gun to her head and ordered all of the employees to undress and get on the floor. The defendant and Allen then robbed the victims of their possessions and money and took their driver's licenses and identity cards, telling the victims they would kill them if they called the police. They also raped the victims, preached to them about their lifestyles, and forced them to sing Christmas carols until they left.

On January 14, 2000, the defendant and Allen went to Club Flamingo, an exotic dancing club. They asked two of the exotic dancers to perform at a bachelor party, and the dancers agreed. As the dancers left the club, the defendant and Allen abducted them and drove to the Discovery Inn where they rented a room. The defendant and Allen then raped the victims, preached to them about their lifestyles, and left.

Based on this evidence, the jury convicted the defendant, and the trial court conducted a sentencing hearing. At the sentencing hearing, the trial court found the defendant was a dangerous offender to justify its imposition of consecutive sentencing.

On appeal, the defendant contends that the rule announced in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), prohibits a trial court from making the necessary factual findings under State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), in order to impose consecutive sentencing. The state contends that the defendant has waived any Blakely issue by failing to object on Sixth Amendment grounds at the trial court or in his motion for new trial and that, in any event, Blakely does not affect Tennessee's sentencing scheme. We agree with the state.

In Blakely, the United States Supreme Court held that other than prior convictions, any facts not reflected in the jury's verdict and used to increase a defendant's punishment above the presumptive sentence must be admitted by the defendant or found by the jury beyond a reasonable doubt. 542 U.S. at __, 124 S. Ct. at 2537. However, the Tennessee Supreme Court has recently held that failure to raise Blakely in the trial court waives the issue and that, in any event, Tennessee's sentencing procedures do not violate the Sixth Amendment right to trial by jury described in Blakely and United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). See State v. Edwin Gomez and Jonathan S. Londono, No. M2002-01209-SC-R11-CD, Davidson County, __ S.W.3d __ (Tenn. Apr. 15, 2005). Accordingly, the defendant's reliance upon Blakely is misplaced. Otherwise, we see no problem with the trial court's imposition of consecutive sentences.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE